**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

BAYARDO RENO SANDY,            )
                                                   )  Case No. 2:14-cv-01100-JCM-CWH
               Plaintiff,   )
                                                   )  **ORDER**
vs.                             )
                                                   )
BANK OF NEW YORK MELLON, N.A., et al., )
                                                 )
               Defendants.      )

This matter is before the Court on Plaintiff's Motion to Amend Complaint (#6), filed September 8, 2014; Plaintiff's Motion to Extend Time (#8), filed September 19, 2014; and Defendants' Motion to Extend Time (#10), filed October 1, 2014.

**1. Plaintiff's Motion to Amend (#6)**

Plaintiff seeks leave to file an amended complaint. The motion was filed prior to service of the original complaint. Motions to amend are generally governed by Federal Rule of Civil Procedure 15, which, in pertinent part, provides: "A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a). Additionally, this Court's Local Rules require that "[u]nless otherwise permitted by the Court, the moving party shall attach the proposed amended pleading to any motion to amend, so that it will be complete in itself without reference to the superseding pleading." Local Rule 15-1(a). Here, Plaintiff has not attached a copy of his proposed amended complaint. Therefore, the request to amend will be denied without prejudice.

**2. Plaintiff's Motion to Extend Time (#8)**

Plaintiff also requests a 120-day extension of time for completion of service on several

defendants. The timing for completion of service in this case is governed by Federal Rule of Civil Procedure 4(m), which provides: "If a defendant is not served within 120 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Courts have broad discretion to extend time for service under Rule 4(m). *Efaw v. Williams*, 473 F.3d 1038, 1041(9th Cir. 2003). The Supreme Court has stated that the 120-day time period for service contained in Rule 4(m) "operates not as an outer limit subject to reduction, but as an irreducible allowance." *Henderson v. United States*, 517 U.S. 654, 661 (1996). "On its face, Rule 4(m) does not tie the hands of the district court after the 120-day period has expired. Rather, Rule 4(m) explicitly permits a district court to grant an extension of time to serve the complaint *after* that 120-day period." *Mann v. American Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003). Moreover, the Advisory Committee Notes to Rule 4(m) state that the rule "explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days, and authorizes the court to relieve a plaintiff of the consequences of an application of [Rule 4(m)] even if there is no good cause shown." See Fed. R. Civ. P. 4(m), Advisory Committee Notes, 1993 Amendments. Generally, "good cause" is equated with diligence. *See* Wright & Miller, *Federal Practice and Procedure: Civil 3d* § 1337.

The complaint in this matter was filed on July 7, 2014, making the deadline to accomplish service under Rule 4(m) November 4, 2014. Given the time remaining to effectuate service, the Court finds that an extension of 120-days is not necessary. Nevertheless, Plaintiff is proceeding *pro se* and has shown diligence in his attempts to effectuate service and advance the litigation. Thus, the Court finds there is good cause for a more limited extension of 60-days to complete service. Service should be completed on or before January 5, 2015.

**3. Defendants' Motion to Extend Time (#10)**

The Court has reviewed the motion to extend time and finds there is good cause for the limited extension requested. Defendants' response to the complaint shall be due on or before October 17, 2014.

Based on the foregoing and good cause appearing,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Amend Complaint (#6) is **denied without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Extend Time (#8) is **granted**. The time limit for completion of service is **January 5, 2015**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Extend Time (#10) is **granted**. Defendants shall have until **October 17, 2014** to file their responsive pleading.

DATED: October 3, 2014.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**