UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BAYARDO RENO SANDY,<br><br>           Plaintiff(s),<br><br>    v.<br><br>BANK OF AMERICA CORP., et al.,<br><br>           Defendant(s). | Case No. 2:14-CV-1100 JCM (CWH)<br><br>ORDER |

Presently before the court is a motion to dismiss filed by defendants Mortgage Electronic Registration Systems, Inc. ("MERS"); Select Portfolio Services, Inc. ("SPS"); and the Bank of New York Mellon, f/k/a the Bank of New York ("BNY-Mellon"), as trustee, on behalf of the holders of the Alternative Loan Trust 2007-HY2 Mortgage Pass Through Certificates ("HALT") (hereinafter "defendants"). (Doc. # 15). *Pro se* plaintiff Bayardo Reno Sandy (hereinafter "plaintiff") filed a response, (doc. # 18), and defendants filed a reply, (doc. # 24).

Also before the court is defendants' request for judicial notice in support of their motion to dismiss. (Doc. # 16). Plaintiff filed an objection to defendants' request. (Doc. # 19).

Also before the court are plaintiff's motions for default judgment. (Docs. # 20, 21, 22).

**I.    Background**

On August 11, 2006, plaintiff borrowed $241,600 from defendant Countrywide Home Loans, Inc. ("Countrywide"), pursuant to a promissory note and deed of trust against his property. (Doc. # 1). Defendants are the lenders and their nominees and servicers. (Doc. # 1). BNY-Mellon is the trustee of the deed of trust pursuant to an assignment on October 8, 2010. (Doc. # 15). SPS is the servicer of BNY-Mellon. BNY-Mellon acts as trustee for HALT, the beneficiary of the loan agreement. (Doc. # 1). MERS is the nominee for Countrywide.

**James C. Mahan**
**U.S. District Judge**

1 According to defendants, plaintiff failed to make certain payments required under the deed of trust, beginning after February 1, 2009. (Doc. # 15). On October 6, 2010, a notice of default and election to sell under the deed of trust was recorded. (Doc. # 15). This notice was then rescinded on February 10, 2011. (Doc. # 15). Defendants have not foreclosed on the property to date. (Doc. # 15). On July 7, 2014, plaintiff filed two lis pendens on the instant property. (Doc. # 15).

Also on July 7, 2014, plaintiff filed the instant action alleging that defendants conspired to force his property into foreclosure and to take possession by fraud and malice. (Doc. # 1). Plaintiff asserted claims for fraud, harassment, conspiracy, and quiet title, among others. (Doc. # 1).

## II. Legal Standard

### i. *Judicial notice*

Federal Rule of Evidence 201 provides for judicial notice of adjudicative facts. Under Rule 201(b)(2), the court may "judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

Rule 201(c)(2) states that the court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2). Finally, Rule 201(d) provides that "[t]he court may take judicial notice at any stage of the proceeding." Fed. R. Evid. 201(d).

The court may take judicial notice of public records in ruling on a Rule 12(b)(6) motion. *See United States v. Corinthian Colls.*, 655 F.3d 984, 998-99 (9th Cir. 2011); *see also Intri-Plex Tech., Inv. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007) (citations and quotation marks omitted) ("A court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment as long as the facts noticed are not subject to reasonable dispute.").

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 2 -

*ii.     Motion to dismiss*

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678-79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.*

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged – but it has not shown – that the pleader is entitled to relief." *Id.* at 679 (internal quotations omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

. . .

. . .

James C. Mahan
U.S. District Judge

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated,

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

### iii.     Rule 9(b)

Allegations of fraud are subject to a heightened pleading standard. *See* Fed. R. Civ. P. 9(b) ("[A] party must state with particularity the circumstances constituting fraud . . . ."). Rule 9(b) provides that "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).

Federal Rule of Civil Procedure 9(b) operates "to give defendants notice of the particular misconduct which is alleged," requiring plaintiffs to identify "the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." *Neubronner v. Milken*, 6 F.3d 666, 671 (9th Cir. 1993) (citations omitted).

### iv.     Default judgment

Obtaining a default judgment is a two-step process. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Federal Rule of Civil Procedure 55(b)(2) provides that "a court may enter a default judgment after the party seeking default applies to the clerk of the court as required by subsection (a) of this rule." Fed. R. Civ. P. 55(b)(2).

. . .

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

### III. Discussion

#### i. *Judicial notice*

Defendants request judicial notice of nine documents, namely: the grant bargain and sale deed, the re-recorded deed of trust, the notice of default and election to sell, three assignments, the rescission, the substitution, and the lis pendens related to the property at issue in this case. (Doc. # 16). Each of these documents was recorded in the Clark County Recorder's Office, at the book and instrument numbers and on the dates identified in defendants' motion. (Doc. # 16).

Plaintiff filed an objection to defendants' request, in which he argues that defendants' exhibits are not judicially noticeable because they are documents, not limited facts. (Doc. # 19). Plaintiff states that judicial notice is inappropriate because certain of the instant documents were "robosigned" and thus are invalid or fraudulent. (Doc. # 19). Plaintiff similarly argues that the deed of trust is not judicially noticeable because it was recorded without mutual assurance. (Doc. # 19).

Finally, plaintiff argues that defendants' attorneys are attempting to insult him by seeking judicial notice of documents that plaintiff already included as exhibits. Plaintiff argues that defendants' counsel are utilizing *ad hominem* attacks and have violated the ABA Model Rules of Professional Conduct. (Doc. # 19).

Plaintiff also argues that the doctrine of res judicata bars judicial notice of the instant documents. Plaintiff cites a 7th Circuit case adopting a district court's refusal to take judicial notice of various documents as requested by defendant Countrywide. *See Crawford v. Countrywide Home Loans, Inc. et al.*, 647 F.3d 642, 649-50 (7th Cir. 2011). This has no bearing on judicial notice of the instant documents in this case.

First, the documents at issue here are matters of public record. These documents therefore differ from those at issue in the 7th Circuit case, which included "websites, news articles, a press release, a speech, and position papers," among other documents. *Id.* at 649. More importantly, another court's refusal to take judicial notice as requested by one of the instant defendants in another case has no bearing on this court's ability to take judicial notice where appropriate.

James C. Mahan
U.S. District Judge

- 5 -

1 Pursuant to the legal standard above, the court will take judicial notice of each of the exhibits attached to defendants' motion. (Doc. # 16). These are matters of public record and their existence is not subject to dispute. Accordingly, the request for judicial notice will be granted in its entirety.

    *ii.    Motion to dismiss*

As an initial matter, the court acknowledges that the complaint was filed *pro se* and is therefore held to less stringent standards. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal quotations and citations omitted). However, "*pro se* litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record." *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir.1986).

Plaintiff asserts the following causes of action in his complaint: IRS and REMIC fraud; HAMP fraud; harassment; automatic robo-call collection; quiet title; conspiracy; and bankruptcy fraud. (Doc. # 1). Defendants move to dismiss each one of these claims. The court will address them in turn.

    a.   IRS and REMIC fraud

To survive dismissal, plaintiff's fraud claims must all meet the particularity standard of Federal Rule of Civil Procedure 9(b). *Yourish v. Cal. Amplifier*, 191 F.3d 983, 993 (9th Cir. 1999). This requires details of the "time, place, and manner of each act of fraud, plus the role of each defendant in each scheme." *Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 405 (9th Cir. 1991).

Further, to state a claim for fraud in Nevada, a plaintiff must allege: "(1) A false representation made by the defendant; (2) defendant's knowledge or belief that its representation was false or that defendant has an insufficient basis of information for making the representation; (3) defendant intended to induce plaintiff to act or refrain from acting upon the misrepresentation; and (4) damage to the plaintiff as a result of relying on the misrepresentation." *Barmettler v. Reno Air, Inc.*, 956 P.2d 1382, 1386 (Nev. 1998).

James C. Mahan
U.S. District Judge

- 6 -

1    In support of this cause of action, plaintiff attempts to cite the rules of the Real Estate
2    Mortgage Investment Conduit ("REMIC"), located at 28 U.S.C. §§ 860A-G as part of the
3    Internal Revenue Code.  However, plaintiff fails to point to a particular provision providing the
4    cause of action asserted here.

5    Plaintiff alleges that defendant Countrywide misrepresented facts related to its loans to
6    plaintiff. (Doc. # 1).  Plaintiff uses terms such as "misleading" and "manipulating" in explaining
7    the factual basis for this cause of action.  In doing so, plaintiff may be trying to suggest that
8    defendant knew it made false representations, but this is not clear to the court.

9    In support of his claim, plaintiff alleges that defendant used "pencil-in appraisal" to
10   inflate the value of the property, somehow damaging plaintiff.  Plaintiff also alleges that
11   defendant failed to keep a clear chain of title in violation of federal and state law.  (Doc. # 1).
12   Defendants believe that plaintiff's claim stems from defendants' alleged failure to keep "a limit
13   on repurchase or transference of ownership."  (Doc. # 1, 15).

14   Plaintiff cites a Federal Housing Finance Agency enforcement action against defendant
15   Countrywide in New York in which it was alleged that defendant violated REMIC through
16   misrepresentations.  This does not affect the sufficiency of plaintiff's complaint nor is it relevant
17   to or binding on this court's adjudication of the instant claims.

18   Plaintiff fails to allege or even suggest all of the elements required to state a fraud claim.
19   Plaintiff does not clearly allege that defendants knew they were making false representations or
20   that these were made to somehow induce plaintiff to act.  Plaintiff's complaint is also unclear
21   regarding plaintiff's alleged damages resulting from the purported fraud.

22   Plaintiff thus fails to state a plausible claim for relief under both Federal Rules of Civil
23   Procedure 8(a)(2) and 9(b).  Plaintiff does not provide factual information about the time, place,
24   and manner of the alleged acts, nor is it clear to the court from plaintiff's complaint which
25   defendants are supposedly liable for this type of fraud.  This cause of action will be dismissed.

26       b.  HAMP fraud

27   Plaintiff next alleges that defendants improperly discounted loan modifications,
28   circumventing HAMP guidelines.  Plaintiff states that defendants "have the financial incentive to

James C. Mahan
U.S. District Judge

- 7 -

1 systematically deny loan modification to thousands of households and including the plaintiff on
2 two accounts." (Doc. # 1).

3 Plaintiff states that certain defendants improperly delayed the loan modification process, accumulating interest and fees. Plaintiff argues that he made all the payments on a HAMP loan trial, but that he was denied the loan modification on the grounds that he did not do so. (Doc. # 1). Plaintiff alleges that employees were trained to deny HAMP programs even where homeowners met the requirements for them. (Doc. # 1).

8 Similar to his earlier pleadings, plaintiff cites pending actions against Bank of America under the Racketeer Influenced and Corrupt Organizations Act ("RICO") in an attempt to support the merits of his claim. As previously stated, these references are irrelevant and have no bearing on the sufficiency of plaintiff's complaint for purposes of dismissal.

12 Plaintiff alleges "intent to deceive" on the part of Bank of America, stating that the HAMP loan modification was a "crafty sham." (Doc. # 1). Plaintiff states that certain misrepresentations occurred in 2009 and 2013. (Doc. # 1). He contends that he "called the Bank of America to confirm the receipt of his last payment sent and a Customer Representative of BofA informed the Plaintiff that his HAMP trial was concluded" and that plaintiff would begin other installment payments the next month. (Doc. # 1).

18 Plaintiff states that he sent this information to his bankruptcy trustee. He alleges that Bank of America then failed to start him on his new payments, and that he then received a letter that HAMP was denied because he did not make all payments. (Doc. # 1). Plaintiff contends that this course of conduct was part of a scheme to defraud homeowners.

22 With regard to damages, plaintiff alleges that defendant Bank of America's fraudulent acts caused him a feeling of imminent homelessness and consequent stress. Plaintiff also seems to allege that he lost substantial amounts of money through defendants' purported "double-dipping" with regard to his loan contract. (Doc. # 1).

26 While plaintiff alleges wrongdoing, his complaint does not rise to the level required for fraud pleadings by Federal Rule of Civil Procedure 9(b), even in light of his *pro se* status. While plaintiff alleges "intent to deceive," he does not allege intent on the part of defendants to induce

**James C. Mahan**
**U.S. District Judge**

- 8 -

1  him to act in any particular way.  The court cannot construe that any such intent is plausible from
2  plaintiff's complaint.   Further, the only action plaintiff allegedly took was to inform his
3  bankruptcy trustee of his loan status.

4  Additionally, defendant fails to allege that any alleged misrepresentations with regard to
5  the status of his HAMP loan modification were made with knowledge of falsity.  Other than his
6  allegations against Bank of America, defendant fails to allege any particular role of each
7  defendant in this scheme.

8  Finally, while plaintiff references two years in which misrepresentations allegedly
9  occurred, plaintiff fails to plead details of the "time, place, and manner of each act of fraud . . . ."
10 *See Lancaster Cmty. Hosp.*, 940 F.2d at 405.  Plaintiff therefore fails to provide defendants with
11 sufficient notice to defend against his fraud claims.  For these reasons, the court will dismiss
12 plaintiff's cause of action for HAMP fraud.

13       c.  Harassment

14 Plaintiff next attempts to assert a cause of action for harassment.  Plaintiff does not cite
15 any legal authority for this claim.  He alleges that defendants bombarded him with information
16 through mailed correspondence.  He also claims that defendants physically intimidated him by
17 hiring individuals to perform property inspections, take pictures of his home, and place
18 envelopes at his door.

19 Plaintiff also attempts to somehow blame defendants for an automobile accident in which
20 he was injured, as well as a case of shingles.  (Doc. # 1).  In substance, plaintiff alleges that
21 defendants' harassment caused him to store certain furniture in a storage unit.  Plaintiff was
22 involved in a collision while returning from the storage unit, and seeks to hold defendants liable
23 for these injuries.  (Doc. # 1).  These allegations are attenuated and do not state a plausible claim
24 for relief under any legal authority.

25 Plaintiff again cites other cases against defendant SPS for intimidation and harassment
26 which have no bearing on this case.  The fact that SPS's parent corporation might be under
27 indictment is completely irrelevant to plaintiff's claims.

28

**James C. Mahan**
**U.S. District Judge**

1  Plaintiff fails to point to any legal authority for this cause of action and does not state a
2  plausible claim for relief. As the lenders and servicers of plaintiff's loan, defendants likely had
3  some obligation to inform plaintiff of any default, provide him with notice of proceedings, and
4  ensure that the property was maintained. These actions do not constitute harassment.
5  Accordingly, plaintiff's cause of action for harassment will be dismissed.

6          d. "Automatic robo-call collection"

7  Plaintiff next alleges that Bank of America violated the Telephone Consumer Protection
8  Act (TCPA) and Fair Debt Collection Practices Act (FDCPA). (Doc. # 1). Plaintiff alleges that
9  "BofA continued to harass the Plaintiff with automated phone calls by using automated dialers
10 and digital recordings, with the intention of calling Plaintiff's phones to collect debt." (Doc. #
11 1).

12 Plaintiff again cites a class action lawsuit in the Southern District of Florida alleging the
13 same violations by Bank of America. Once again, this does not bear on the court's consideration
14 of plaintiff's complaint in this case.

15 The TCPA provides, in relevant part, that it is unlawful "to initiate any telephone call to
16 any residential telephone line using an artificial or prerecorded voice to deliver a message
17 without the prior express consent of the called party . . . ." 47 U.S.C. § 227(b)(1)(B).

18 The FDCPA provides protection from abusive debt collection practices. 15 U.S.C. §
19 1692 *et seq.* However, for a defendant to be liable for FDCPA violations, it must qualify as a
20 debt collector under the act. *Heintz v. Jenkins*, 514 U.S. 291, 294 (1995); *McCurdy v. Wells*
21 *Fargo Bank, N.A.*, No. 2:10-cv-880, 2010 WL 4102943, at *3 (D. Nev. Oct. 18, 2010).

22 The FDCPA defines a debt collector as a person "who regularly collects or attempts to
23 collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15
24 U.S.C. § 1692a(6). "Foreclosure pursuant to a deed of trust does not constitute debt collection
25 under the FDCPA." *Smith v. Wachovia Mortg. Corp.*, No. 3:12–cv–26, 2012 WL 3222144, at *2
26 (D. Nev. Aug. 3, 2012) (citing *Camacho-Villa v. Great W. Home Loans*, No. 3:10–cv–210, 2011
27 WL 1103681, at *4 (D. Nev. Mar. 23, 2011).

28 . . .

**James C. Mahan**
**U.S. District Judge**

- 10 -

"[T]he FDCPA's definition of 'debt collector' does not 'include the consumer's creditors, a mortgage servicing company, or any assignee of the debt, so long as the debt was not in default at the time it was assigned.'" *Smith*, 2012 WL 3222144, at *2.

Based on this analysis, the court finds that plaintiff does not state a plausible claim for relief under the TCPA or FDCPA. While the court must accept as true all well-pled factual allegations in the complaint, legal conclusions are not entitled to the assumption of truth. *See Iqbal*, 556 U.S. at 678. The court finds that plaintiff's complaint does nothing more than state a legal conclusion with regard to the TCPA.

Plaintiff provides no details regarding the alleged automated phone calls. Further, plaintiff fails to show that defendants qualified as debt collectors under the FDCPA. Accordingly, the court will dismiss plaintiff's cause of action for "automatic robo-call collection."

### e. Quiet title

In Nevada, an action to quiet title may be brought "by any person against another who claims an estate or interest in real property, adverse to the person bringing the action, for the purpose of determining such adverse claim." NRS 40.010.

In such an action, the plaintiff has a burden of proof to show that he has good title and has paid any debt owed on the property. *Breliant v. Preferred Equities Corp.*, 918 P.2d 314, 318 (1996); *see also Viloria v. Premium Capital Funding LLC*, 2012 WL 4361252 at *3 (D. Nev. 2012).

Under Nevada law, a deed of trust allows a lender to "secure the performance of an obligation or the payment of any debt." N.R.S. § 107.010(I). Upon default, the beneficiary, or its trustee or successor-in-interest, may foreclose on the property to satisfy the obligation. NRS § 107.080(2)(c).

In support of his claim to quiet title, plaintiff references promissory estoppel and the statute of frauds. He alleges that the deed of trust for his property was not properly recorded and thus that it is invalid. However, plaintiff asserts in his response to the instant motion to dismiss that he is not bringing any claim for wrongful foreclosure. (Doc. # 18).

James C. Mahan
U.S. District Judge

- 11 -

Plaintiff challenges defendants' methods of assignment but fails to provide evidence that he has good title based on up-to-date loan payments. Accordingly, plaintiff's complaint does not state a plausible claim for relief for a quiet title action, and this cause of action will be dismissed.

### f. Conspiracy

Plaintiff alleges that defendants conspired against him and somehow also against each other. (Doc. # 1). Plaintiff's complaint includes a "conspiracy timeline" citing particular dates of alleged misdoing by the defendants. Plaintiff contends that this timeline shows intent to conspire, commit fraud, and deceive plaintiff. (Doc. # 1).

"An actionable conspiracy consists of a combination of two or more persons who, by some concerted action, intend to accomplish an unlawful objective for the purpose of harming another, and damage results from the act or acts." *Sutherland v. Gross*, 772 P.2d 1287, 1290 (Nev. 1989).

Plaintiff contends that defendants gave him a subprime loan and that the deed of trust was defective. He suggests that defendants assigned the loan to each other to avoid liability for it and to disadvantage plaintiff. Plaintiff alleges that defendants conspired to violate the FDCPA as well as the notice requirement at 12 U.S.C. § 2605 for transfer of loan servicing, assignment, or sale. (Doc. # 1).

While plaintiff's timeline attempts to set forth facts supporting his conspiracy claim, it does not plausibly show concerted action. Defendants are not liable to plaintiff simply for assigning and coordinating loan financing. Taken as a whole plaintiff's lengthly factual allegations do not state a plausible claim for conspiracy. Accordingly, this cause of action will be dismissed.

### g. Bankruptcy fraud

Plaintiff next contends that defendants are liable for bankruptcy fraud. (Doc. # 1). Plaintiff essentially alleges that defendants acted fraudulently and deceived plaintiff while he was engaged in bankruptcy proceedings. (Doc. # 1).

**James C. Mahan**
**U.S. District Judge**

Plaintiff largely restates his prior allegations with regard to this count, claiming that defendants erroneously denied him a loan modification while he was in bankruptcy protection. Plaintiff further alleges that defendants failed to appear during the meeting of creditors to claim his property on October 14, 2009, and that this was deceptive. (Doc. # 1).

Plaintiff misunderstands the nature of bankruptcy fraud, which refers to criminal conduct. Bankruptcy fraud generally occurs when a bankrupt individual or corporation conceals assets in bankruptcy, misstates property on bankruptcy forms, or bribes officials in relation to bankruptcy proceedings.

Plaintiff fails to cite any legal authority to support a civil cause of action for bankruptcy fraud. No such authority exists. Defendants may not be held liable for bankruptcy fraud based solely on allegations of fraud occurring while plaintiff was involved in bankruptcy proceedings. This cause of action will be dismissed.

      h.   Other claims

The heading of plaintiff's complaint also references mail fraud, deed of trust cancellation and release, and HUD fraud. Plaintiff does not set out these claims as separate causes of action, nor does he provide any support or basis for allowing them to go forward. Defendants' motion to dismiss mentions certain of these claims and argues for their dismissal.

Based on the analysis above, plaintiff fails to state a plausible claim for relief with regard to any cause of action. The court will dismiss the complaint in its entirety.

    *iii.*   *Default judgment*

Plaintiff filed three separate motions for default judgment against the various defendants in this case. (Docs. # 20, 21, 22). First, plaintiff fails to follow the above-mentioned procedure to obtain a default judgment from the court. Where appropriate, the court may grant a default judgment only after the clerk has entered default pursuant to a party's request. Therefore, each of plaintiff's requests is appropriately denied on these grounds.

Additionally, as is clear from the parties' filings, many defendants responded with the instant motion to dismiss. (Doc. # 15). While Federal Rule of Civil Procedure 12(a)(1)(A)(i) generally requires a defendant to serve an answer "within 21 days after being served with the

James C. Mahan
U.S. District Judge

- 13 -

summons and complaint," a defendant may alternatively file a motion to dismiss for failure to state a claim. *See* Fed. R. Civ. P. 12(b)(6). Default is therefore inappropriate for these defendants.

Based on the foregoing grounds, the motions for default judgment will be denied.

### IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants' request for judicial notice, (doc. # 16), be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that defendants' motion to dismiss, (doc. # 15), be, and the same hereby is, GRANTED.

The clerk shall enter judgment and close the case.

DATED December 16, 2014.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**